Mozena, Appellant, *v.* Thompson et al.

Argued September 26, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Robbin B. Wolf,* with him *Esler W. Hays* and *Louis Vaira,* for appellant.

*Abraham Fishkin,* for Kolen et al., appellees.

*Russell J. Esler,* for Thompson et ux., appellees.

PER CURIAM, October 30, 1945:

Appellant, by bill in equity, sought to restrain the appellees from mining coal and to obtain damages because of an alleged breach of a written lease between appellant and two of the appellees, hereafter referred to as the appellees (the other two appellees being subsequent lessees). The court below dismissed the bill on the ground that no valid lease had been concluded.

The chancellor's findings of fact were affirmed by the court in banc, and are amply supported by the testimony. When the lease was presented to the appellees for signature they refused to sign it unless a clause was inserted reading "Operations to begin before April 1, 1934, other-

wise null and void." The lease had been prepared in quadruplicate. The clause was interlined on one of the copies by the prospective lessees. The appellees were then induced by the prospective lessees to sign all the copies upon the express representation of the appellant that this clause would be typewritten in all copies of the lease and that the lease would not be effective until acknowledged by the appellees before a notary public. The appellant never returned with the amended copies and the new lease was never acknowledged. No valid contract was therefore ever consummated. While appellant did secure manual possession of a signed copy of the incompleted lease, delivery in these circumstances was not intended to be absolute. Since the alleged contract is invalid because it never constituted a completed agreement, the appellant has no rights thereunder.

The appeal is dismissed at appellant's cost.